IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY RONDEL BLAIR and<br>DAVID BARROS | CRIMINAL ACTION<br><br>NO. 1:18-cr-260-LMM-CMS |

## **REPORT AND RECOMMENDATION**

This case is before the Court on the Motion to Dismiss as to Count Seven filed by Defendants Anthony Rondell Blair and David Barros (collectively "Defendants"). [Docs. 168, 270].

On March 27, 2019, a federal grand jury returned a seven-count second superseding indictment against Defendants and six others. The first six counts allege a variety of drug charges involving the possession, distribution, and importation of controlled substances. [Doc. 53 at 1–6]. In Count Seven, Defendants are charged with a conspiracy to violate three subsections of the money laundering statute—18 U.S.C. §§ 1956(a)(l)(A)(i), (a)(l)(B)(i), and (a)(l)(B)(ii)—as follows:

> Beginning on a date unknown to the Grand Jury, but at least as early as in or about May, 2017, and continuing until in or about June, 2018, in the Northern District of Georgia and elsewhere, the defendants, ANTHONY RONDEL BLAIR; JASON ARIAS; DANIEL NEWTON; DAVID LOMBA BARROS; SHONDRA VERNON; MICHELLE

ROSA; and MADISON RENEE KELLEHER did knowingly combine, conspire, confederate, agree, and have a tacit understanding with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit, to knowingly conduct and attempt to conduct a financial transaction in and affecting interstate and foreign commerce:

a) which involved the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), with the intent to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(A)(i);

b) which involved the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(B)(i); and

c) which involved the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction,

  represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(B)(ii),

  all in violation of Title 18, United States Code, Section 1956(h).

[*Id.* at 6–8].

  Federal Rule of Criminal Procedure 12(b)(3)(B)(v) allows a defendant to move for dismissal of a certain charge, or dismissal of the entire indictment, for "failure to state an offense." FED. R. CRIM. P. 12(b)(3)(B)(v). In ruling on such a motion, "a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in the original) (reversing trial court's dismissal of an indictment charging the defendants with mail fraud and conspiracy to launder proceeds of mail fraud). At this stage in the litigation, the Court's role is limited to determining whether the indictment is legally sufficient. A legally sufficient indictment must (1) present the essential elements of the charged offense, (2) notify the accused of the charges against him, and (3) enable the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. *United States v. Jordan*, 582 F.3d 1239 (11th Cir. 2009). The Eleventh Circuit has held that an indictment is sufficient "if it charges in the language of the statute." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam) (reversing the dismissal of an indictment where the

trial court looked beyond the face of the indictment and considered facts proffered by the Government).

In their motion, Defendants argue that the second superseding indictment is insufficient because Count Seven "does not contain any factual description as to what actions taken by any of the defendants constituted money laundering," and that it is "unclear what agreement there was between the parties as it relates to money laundering or what actions were taken based on the alleged agreement."[1] [Doc. 168 at 7]. Defendants' argument lacks merit.

Count Seven tracks the language of the federal money laundering statute, 18 U.S.C. § 1956, which provides:

> (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—
>
>     (A)  (i)  with the intent to promote the carrying on of specified unlawful activity; or . . .
>
>     (B)  knowing that the transaction is designed in whole or in part-
>
>         (i)  to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

---

[1] Although the motion to dismiss is nine pages in length, this is the entirety of the argument. Defendants did not file a reply brief.

>> (ii) to avoid a transaction reporting requirement under State or Federal law,

> shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both. For purposes of this paragraph, a financial transaction shall be considered to be one involving the proceeds of specified unlawful activity if it is part of a set of parallel or dependent transactions, any one of which involves the proceeds of specified unlawful activity, and all of which are part of a single plan or arrangement.

18 U.S.C. § 1956; [Doc. 53 at 6–8].

Count Seven alleges a conspiracy to commit money laundering in violation of three subsections of the statute, in the Northern District of Georgia and elsewhere, between specific dates ("at least as early as in or about May, 2017, and continuing until in or about June, 2018"), by conducting and attempting to conduct a financial transaction in and affecting interstate and foreign commerce that involved the proceeds of specified unlawful activity with the intent (1) to promote the carrying on of specified unlawful activity, (2) to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and (3) to avoid a transaction reporting requirement under federal law. [Doc. 53 at 6–8]. The indictment also identifies the specified unlawful activity, i.e., the manufacture, importation, sale, and distribution of a controlled substance. [*Id.*].

While Count Seven does not specify the factual proof that the Government intends to rely upon to support the charges, such detail is not required. *See United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978) (noting that such information, if essential to the defense, can be obtained by a motion for a bill of particulars). *See also United States v. Buckingham*, No. 4:18-cr-376-RDP-JEO-2, 2018 WL 6570874, at *4 (N.D. Ala. Dec. 13, 2018) (denying motion to dismiss money laundering conspiracy count where indictment alleged that the defendant and others knowingly agreed with each other to commit the offense of promotional money laundering and thereby violate § 1956(a)(1)(A)(i)); *United States v. Wright*, No. 8:16-cr-422-T-27MAP, 2017 WL 1735163, at *1 (M.D. Fla. May 1, 2017) (rejecting the defendant's argument that a conspiracy charge was deficient because it failed to provide notice of when he committed the offense, with whom, and where, and noting an indictment for a conspiracy to commit a criminal offense need not be as specific as a substantive count); *United States v. Hall*, No. 4:19-cr-0021-WMR-WEJ, 2020 WL 1068247, at *2 (N.D. Ga. Feb. 18, 2020) (finding an indictment "far from vague" and recommending denying a motion to dismiss where the count alleged a timeframe and place that the crime occurred, a co-conspirator, and referred to the statute that the defendant allegedly conspired to violate).

Here, Count Seven provides a timeframe and place where the conspiracy allegedly occurred, identifies several co-defendants as co-conspirators, and tracks the language of the applicable statute that Defendants are accused of conspiring to violate. Thus, it sets forth sufficient detail to place Defendants on notice of the allegations against them and to defend against double jeopardy. This is all that the law requires. Moreover, Defendants have failed to show how they otherwise lack information to defend themselves or understand the charges against them.

Accordingly, I **RECOMMEND** that the two Motions to Dismiss as to Count Seven [Docs. 168, 270] be **DENIED**.

IT IS SO ORDERED this __26th__ day of April, 2021.

_____
CATHERINE M. SALINAS
United States Magistrate Judge