IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : CRIMINAL ACTION NO. |
| | : 1:18-cr-00260-LMM-CMS |
| v. | : |
| | : |
| | : |
| ANTHONY RONDEL BLAIR, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

## **ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation [288] that Defendant Anthony Rondel Blair's Motion to Dismiss Indictment [168] and Defendant David Lomba Barros's Motion to Dismiss Indictment [270] be denied. After due consideration, the Court enters the following Order:[1]

### I.   BACKGROUND

On March 27, 2019 a Grand Jury returned a Second Superseding Indictment charging Mr. Blair, Mr. Barros (together, "Defendants"), and other defendants with several counts of importing controlled substances and

---

[1] Defendants' Motions to Dismiss are identical and the Court therefore addresses them as one.

possessing controlled substances with intent to distribute. Dkt. No. [53]. Count Seven of the Second Superseding Indictment charges Defendants with money laundering and reads as follows:

> Beginning on a date unknown to the Grand Jury, but at least as early as in or about May, 2017, and continuing until in or about June, 2018, in the Northern District of Georgia and elsewhere, the defendants, ANTHONY RONDEL BLAIR; JASON ARIAS; DANIEL NEWTON; DAVID LOMBA BARROS; SHONDRA VERNON; MICHELLE ROSA; and MADISON RENEE KELLEHER did knowingly combine, conspire, confederate, agree, and have a tacit understanding with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit, to knowingly conduct and attempt to conduct a financial transaction in and affecting interstate and foreign commerce:
>
> a) which involved the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), with the intent to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(A)(i);
>
> b) which involved the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(B)(i); and
>
> c) which involved the proceeds of specified unlawful activity, that is, the manufacture, importation, sale, and distribution of a controlled

substance (as such term is defined for the purposes of the Controlled Substances Act), knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(B)(ii),

all in violation of Title 18, United States Code, Section 1956(h).

Id. at 6–8.

Defendant Jason Arias moved to dismiss Count Seven under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), arguing it failed to state an offense. Dkt. No. [158]. Defendants then adopted Mr. Arias's Motion in whole and challenged Count Seven on the same grounds. Dkt. Nos. [168], [270]. On April 26, 2021, the Magistrate Judge recommended that Defendants' Motions be denied, holding Count Seven states a valid federal offense on its face. Dkt. No. [288]. Mr. Blair objects to the Magistrate Judge's recommendation. Dkt. No. [294].

## II.   LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's Report and Recommendation for clear error if no objections are filed. 28 U.S.C. § 636(b)(1). If a party files objections, the district court must review *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id. As Mr. Blair has filed an objection to the Magistrate Judge's findings, the Court reviews the challenged findings and recommendations on a *de novo* basis.

### III. DISCUSSION

Mr. Blair objects to the Magistrate Judge's two essential findings: (i) that Count Seven "sets forth sufficient detail to place Defendants on notice of the allegations against them and to defend against double jeopardy"; and (ii) that "Defendants have failed to show how they otherwise lack information to defend themselves or understand the charges against them." Dkt. No. [288] at 7; Dkt. No. [194] at 1. Mr. Blair protests that Count Seven does not identify specific illegal transactions, categories of illegal transactions, the parties with whom Mr. Blair illegally transacted, or "the nature of the alleged conspiracy to engage in these transactions." Dkt. No. [294] at 2.

However, the Magistrate Judge correctly concluded that an indictment need not contain those details. "An indictment, to be sufficient, must allege that the defendant committed each of the essential elements of the crime charged so as to enable the accused to prepare his defense and to invoke the double jeopardy clause in any subsequent prosecution for the same offense." United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978); see also Fed. R. Crim. P. 7(c). "Constitutional requirements are fulfilled 'by an indictment that tracks the wording of the statute . . . .'" United States v. Critzer, 951 F.2d 306, 308 (11th Cir. 1992) (quoting United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983)). "[I]f the indictment tracks the language of the statute, 'it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is

charged.'" United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003) (quoting Russell v. United States, 369 U.S. 749, 765 (1962)). "It is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges." Crippen, 579 F.2d at 342.

Count Seven "recites the essential elements of" money laundering and, as the Magistrate Judge noted, precisely tracks the federal money laundering statute. Yonn, 702 F.3d at 1348; compare Dkt. No. [53] at 6–8, with 18 U.S.C. § 1956(a)(1)(A)–(B). Count Seven specifies that the proceeds Defendants allegedly laundered derived from "the manufacture, importation, sale, and distribution of a controlled substance"—the same conduct charged in the indictment's preceding counts. Dkt. No. [53] at 7–8. "It further describe[s] the locale of the alleged conspiracy, at least partially, with the allegation that the criminal activity took place 'in the Northern District of [Georgia] and elsewhere.'" Yonn, 702 F.2d at 1348; Dkt. No. [53] at 6. There are also temporal boundaries on the alleged conduct, even if those boundaries are approximate. See Yonn, 702 F.2d at 1348 (indictment's inclusion of a time frame demonstrated specificity). In short, Count Seven describes the location and time period during which Defendants allegedly laundered proceeds of illegal drug transactions in violation of 18 U.S.C. § 1956(a)(1). Considered as a whole and in light of clear Eleventh Circuit precedent, Count Seven adequately alleges an offense against Defendants.

## IV.  CONCLUSION

In light of the foregoing, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [288] as the opinion of this Court. Defendant Anthony Rondel Blair's Motion to Dismiss Indictment [168] and Defendant David Lomba Barros's Motion to Dismiss Indictment [270] are **DENIED**.

**IT IS SO ORDERED** this 27th day of May, 2021.

_____
**Leigh Martin May**
**United States District Judge**